**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Joseph OWENS,
Defendant–Appellant.**

**No. 84–5015.**

United States Court of Appeals,
Ninth Circuit.

Decided April 19, 1988.

Before NELSON, BOOCHEVER and REINHARDT, Circuit Judges.

**ORDER**

The United States Supreme Court, —— U.S. ——, 108 S.Ct. 838, 98 L.Ed.2d 951 reversed our decision that admission of Foster's identification statement made to the Federal Bureau of Investigation violated the Confrontation Clause and Fed.R. Evid. 802. The Supreme Court did not address the requirements of Fed.R.Evid. 602 which reads in part:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.

Because it is not clear that the district court ruled on Owens' continuing Rule 602 objection after the testimony at trial failed to correspond with the prosecutor's offer of proof, we remand. The district court is requested to rule on that objection in light of the trial testimony.

We find no merit to Owens' appeal from the district court's denial of his pretrial motion to substitute counsel, an issue which we did not previously address because of our initial reversal of Owens' conviction on other grounds. The district court adequately inquired into Owens' complaint and did not abuse its discretion in denying the motion. *See Hudson v. Rushen,* 686 F.2d 826 (9th Cir.1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed. 2d 285 (1983); *United States v. Mills,* 597 F.2d 693 (9th Cir.1979).

This case is remanded to the district court for further proceedings in accordance with the United States Supreme Court's decision and this Order.