**UNITED STATES of America, Plaintiff,**

**v.**

**James Joseph OWENS, Defendant.**

**No. CR 83–630 AWT.**

United States District Court,
C.D. California.

Nov. 14, 1988.

Robert C. Bonner, U.S. Atty., Robert L. Brosio, William F. Fahey, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff.

Allan Ides, Loyola Law School, Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION

TASHIMA, District Judge.

### I. BACKGROUND

#### A. *The Trial*

On December 29, 1983, defendant was convicted of assault with intent to commit murder. The victim, John Foster, was a correctional counselor at the federal penitentiary at Lompoc, California. Foster was hit several times about the face, head, neck and arms with a heavy pipe. He suffered some permanent disability as a result of the attack, including neurological damage affecting his short-term memory.

The government's case rested on the testimony of three percipient witnesses (all Lompoc inmates), the victim's out-of-court identification of defendant as his assailant, a witness to an admission by defendant and some real evidence—items of clothing, stained by blood of the victim's type, traceable to defendant.

Foster testified that, at the time of the trial, he could not remember any details of the assault on him, other than that he was struck on the head and saw (his own) blood on the floor. 2 R.T. 89–90. He testified specifically that at the time of trial, he could not recall seeing the individual who attacked him. *Id.* He did recall, however, an interview with F.B.I. Special Agent Mansfield which took place in his hospital room after the attack. At the time of trial Foster could "vividly" recall telling the agent that defendant was responsible for the attack. Foster described his account of the attack in detail:

> ... I told him that after I was hit I looked down and saw the blood on the floor, and jammed my finger into Owens' chest, and said, "That's enough of that," and hit my alarm button.
>
> Q. And that is what you told Tom Mansfield?

A. That is what I remember I told Mr. Mansfield that day.

Q. When you told him that before you got out of the hospital, was there any doubt in your mind that that is what happened?

A. As far as that day is concerned, no.

Foster also recalled picking defendant out in a photographic lineup.[1] 2 R.T. 95–97.

On cross-examination Foster conceded that he could not presently recall the basis upon which he made these statements to Agent Mansfield. 2 R.T. 112–17. He could only recall that "it [i.e., the attack] was so vivid in [his] mind when [he] had given the information to Mr. Mansfield." 2 R.T. 114:15–18.

#### B. *The Appeal*

On appeal, defendant challenged the admission of Foster's testimony concerning Foster's pre-trial identification of him on three grounds: (1) that Foster lacked sufficient personal knowledge to testify under F.R.Evid. 602; (2) that Foster's testimony constituted inadmissible hearsay under F.R.Evid. 802 (in that [a] the identification was not an "identification of a person made after perceiving the person" under Rule 801(d)(1)(C), and [b] Foster was not subject to cross-examination, as that exception requires); and (3) that Foster's inability to remember the basis for his statement to Agent Mansfield effectively denied defendant his Sixth Amendment right of confrontation.

The Ninth Circuit reversed the conviction and remanded for new trial, based on the third ground of appeal. It further held, however, that while Foster's testimony was inadmissible under Rule 802 (because his lapse of memory made him, the hearsay declarant, effectively not available for cross-examination), the admission of his testimony was harmless error. It declined to reach the first ground. *United States v. Owens,* 789 F.2d 750 (9th Cir.1986). On certiorari, the Supreme Court reversed the Ninth Circuit, holding that Foster's lack of memory neither deprived defendant of his

---

**1.** The photographic identification adds little, if anything, to the probative weight of this testimony, since Foster already knew defendant by sight. *See* 2 R.T. 101–02.

Sixth Amendment right to confrontation nor made Foster effectively unavailable for cross-examination under Rule 801(d)(1)(C). — U.S. ——, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). The Ninth Circuit then remanded the case to this Court for further proceedings, specifically to rule on defendant's continuing objection to Foster's testimony on the basis of F.R.Evid. 602. 844 F.2d 701 (9th Cir.1988).

At the status conference held in conjunction with the filing of the mandate, it was agreed that a motion for a new trial would be an appropriate vehicle to bring the matter before the court.[2] That motion has now been fully briefed and argued.

## II. ISSUES

A. Was the admission of Foster's out-of-court identification testimony erroneous under Rule 602?

B. If so, was the error harmless?[3]

## III. DISCUSSION

### A. *The Rule 602 Standard*

Rule 602 provides, in relevant part, that:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony....

The rule imposes some affirmative, foundational burden on the party introducing testimony to establish personal knowledge. *Owens,* 789 F.2d at 754; 3 J. Weinstein & M. Berger, *Weinstein's Evidence,* ¶ 602[02] (1988) (*"Weinstein's Evidence"*); 3 D. Louisell & C. Mueller, *Federal Evidence* § 261 (1979 & Supp.1988); C. McCormick, *Handbook of the Law of Evidence* § 10 (2d ed. 1972). The nature and extent of this

duty can be determined only in reference to the respective roles of judge and jury under Rule 602.

Whether an introducing party has met the affirmative burden of Rule 602 is ultimately one for the *jury* pursuant to F.R.Evid. 104(b). 3 D. Louisell & C. Mueller, *supra,* at § 261; 3 *Weinstein's Evidence* ¶ 602[02]. Judge Weinstein thus argues that the judge may exclude evidence only when *no reasonable juror* could conclude that the witness possessed personal knowledge as to the substance of his or her testimony:

The judge retains the power to reject the evidence if it could not reasonably be believed—*i.e.,* if as a matter of law no trier of fact could find that the witness actually perceived the matter about which he is testifying. Professor Morgan explains the test as one of "impossibility".

.   .   .   .   .

[But] "[i]mpossibility" is too strong a word. "Near impossibility" or "so improbable that no reasonable person could believe" better states the judge's role— to determine whether the witness has enough to add to warrant the time and possible confusion in hearing his testimony....

.   .   .   .   .

The judge should admit the testimony if the jury *could* find that the witness perceived the event to which he is testifying, since credibility is a matter for the jury.

3 *Weinstein's Evidence* ¶ 602[02] at pp. 602–9 to 11 (footnotes, citations and quotations omitted) (emphasis added); *accord,* M. Graham, *Handbook of Federal Evidence* §§ 602.1–.2 (2d ed. 1986 & Supp.

---

**2.** Because of the specific mandate of the Court of Appeals that this issue be ruled on, the government has not raised a timeliness objection under F.R.Crim.P. 33, which technically governs motions for new trial.

**3.** The parties also discuss another issue, perhaps because some point was made of it by the Court of Appeals. That is, whether or not Foster's testimony was consistent with the government's

offer of proof. *See,* 789 F.2d at 755 n. 4. However, discussion of that issue adds nothing to the substance of the required analysis: If Foster's testimony, as given, complies with Rule 602 or any non-compliance with the rule was harmless error, no prejudicial error could result from the failure of that testimony to conform to the offer of proof. The parties so conceded at oral argument. That "issue" is not discussed further.

1988). This approach also comports with that adopted by the American Law Institute in Rule 104 of its *Model Code of Evidence* (1942).

The Fourth Circuit has adopted Judge Weinstein's approach: "Evidence is inadmissible under this Rule [602] only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to." *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc'y*, 681 F.2d 930, 931 (4th Cir.1982). Three other circuits have as well. *Hallquist v. Local 276*, 843 F.2d 18, 23–24 (1st Cir.1988); *United States v. Davis*, 792 F.2d 1299 (5th Cir.), *cert. denied*, 479 U.S. 964, 107 S.Ct. 464, 93 L.Ed.2d 409 (1986); *United States v. Peyro*, 786 F.2d 826, 830–31 (8th Cir.1986); *United States v. Lyon*, 567 F.2d 777, 783–84 (8th Cir.1977), *cert. denied*, 435 U.S. 918, 98 S.Ct. 1476, 55 L.Ed.2d 510 (1978).[4]

Defendant suggests that this standard applies only where extrinsic evidence casts doubt on a witness' claim of personal knowledge. In situations such as the one with which we are faced, where the witness makes no direct claim of personal knowledge, it cannot apply because no reasonable juror could conclude that personal knowledge existed. To apply it here, he suggests, is tantamount to shifting the foundational burden away from the introducing party. Under defendant's construction of Rule 602, extrinsic evidence could not be heard to establish personal knowledge unless the witness first claims to possess personal knowledge. The argument is unavailing. It renders nugatory the rule's provision for meeting the foundational burden by evidence other than the direct testimony of the witness.

Judge Weinstein's interpretation of Rule 602 is the better-reasoned approach, as well as the majority position. Accordingly, the court holds that it would be error to admit evidence over Rule 602 objection only when no reasonable trier of fact could find that the witness was testifying on the basis of his or her personal knowledge.

B. *Application of the Standard to Foster's Testimony*

■ Since Foster's testimony concerned the content of out-of-court statements, Rule 602 must be applied to it twice. First, Foster must have testified at the time of trial from personal knowledge as to the contents of his interview with the F.B.I. agent. Foster's personal knowledge of his out-of-court interview is not contested by defendant. However, Foster also must have made his statements at this interview on the basis of personal knowledge. *See Owens*, 789 F.2d at 753–54.

There are three grounds upon which a reasonable juror could find that Foster possessed the requisite personal knowledge. First, the placement of "defensive wounds" on Foster's face, head, and arms is consistent with his direct observation of his assailant, *i.e.*, wounds which circumstantially indicate a frontal attack and face-to-face confrontation.[5] Second, the very detail contained in Foster's description of the attack suggests that he remembered it at the time of the interview. The Second Circuit has held that the very detail of testimony can serve as the basis for a Rule 602 foundation. *See United States v. McGrath*, 613 F.2d 361, 367–68 (2nd Cir.1979), *cert. denied, Buckle v. United States*, 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980). Third, Foster directly testified at trial that, at the time of interview, the attack was

**4.** Although two of its decisions mention Rule 602 in passing, the Ninth Circuit has not yet squarely confronted this issue. *See, United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986); *United States v. Thompson*, 559 F.2d 552, 553–54 (9th Cir.1977).

**5.** The Ninth Circuit "agree[d] that the location of the injuries provides support for the theory that Foster saw his attacker." *Owens*, 789 F.2d at 754. However, the Circuit went on further to state: "On the other hand, it is possible that Foster was looking down or away and was taken by surprise when he was hit on the head; it is also possible that his assailant wore a mask or other disguise. Thus, the location of the injury is not necessarily dispositive." *Id.* Under Judge Weinstein's analysis, adopted here, the foundation need not be "dispositive" and the factors discussed by the Circuit are for the jury to consider.

"vivid" in his mind. 2 R.T. 95. The credibility of this claim lay squarely before the jury.

There is no basis for concluding that the jury was unreasonable in inferring that Foster's prior identification of defendant was made on the basis of personal knowledge.[6] Defendant had ample opportunity to test Foster's credibility and the accuracy of his memory. The admission of Foster's testimony over defendant's Rule 602 objection was not error and does not justify the grant of a new trial.

### C. *Harmless Error*

Even if it were error to admit Foster's testimony, however, the error would be harmless. The Ninth Circuit has already held that Foster's testimony was inadmissible hearsay because his lack of memory denied defendant the witness's effective presence for the purpose of cross-examination, a requirement of the exception contained in F.R.Evid. 801(d)(1)(C). But under the "more probably than not harmless" standard, which applies to non-constitutional error, the Circuit held that admission of Foster's prior identification of defendant was harmless error. *Owens*, 789 F.2d at 757. It scarcely seems possible that varying the ground for error, so long as it remains, as here, a non-constitutional ground, can affect its harmlessness.[7] Thus, the Court holds, alternatively, that if the admission of Foster's testimony were erroneous under Rule 602, the error was, more probably than not, harmless, as stated in *Owens, id.*

### IV. CONCLUSION

Rule 602 requires that the proponent of a witness establish that the witness will be testifying on the basis of personal knowledge. But unless no reasonable finder of fact could find that a witness is testifying on the basis of his or her personal knowledge, the presence or absence of such knowledge is for the jury to decide. On the basis of this standard, it was not error to admit the testimony of Foster over defendant's Rule 602 objection. Even if the admission of such testimony were erroneous, the error was harmless.

IT IS ORDERED THAT defendant's motion for a new trial is DENIED.

---

**6.** F.R.Evid. 801(d)(1)(C) contains a provision which could be construed as embodying a "personal knowledge" requirement similar to the Rule 602 requirement. Rule 801(d)(1)(C) requires that the identification statement be "made after perceiving the person." Although the Ninth Circuit held that Foster's out-of-court identification of defendant met this requirement, it construed the rule quite differently from Rule 602's personal knowledge requirement. It held that the requirement of "made after perceiving the person" had been met because Foster "had perceived appellant many times prior to the identification he gave to Mansfield." *Owens*, 789 F.2d at 755.

**7.** If it did not actually decide the issue, the Ninth Circuit expressed strong *dicta* on it:

As we hold *infra*, p. 757, the admission of Foster's testimony was in any event harmless error under the non-constitutional standard that is applicable to a violation of the Federal Rules of Evidence. Thus, even if the district court were to decide that Foster did not have the necessary personal knowledge, and thus that Rule 602 was violated, we would still have to reach this constitutional question.

*Owens*, 789 F.2d at 755 n. 4. Clearly, however, the Ninth Circuit now considers these statements to be *dicta*, else it would not have remanded for a decision of the underlying Rule 602 issue.