**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James OWENS–EL, Defendant–Appellant.**

No. 88–5469.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1989.

Decided Nov. 17, 1989.

---

Stanley Goldman, Los Angeles, Cal., for defendant-appellant.

William F. Fahey, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, FARRIS and CANBY, Circuit Judges.

PER CURIAM:

A jury convicted James Joseph Owens of assault to commit murder against a prison guard at the Federal Correctional Institution at Lompoc, California. Owens allegedly hit prison guard John Foster repeatedly on the head, face, neck and arms with a heavy pipe. Foster suffered permanent disability, including neurological damage affecting his memory.

Foster testified at trial he could not remember the details of the attack other than that he was struck on the head and saw blood on the floor. He stated he could not recall seeing the individual who attacked him. However, he did remember being interviewed by F.B.I. Agent Mansfield at the hospital following the attack and "vividly recalled" telling Mansfield that Owens was his assailant and recounting details of the attack. Mansfield also testified that Foster identified Owens as his assailant during this interview.[1]

In his appeal from his conviction, Owens challenged on a number of grounds the admission of Foster's testimony that he had identified Owens as his attacker to Agent Mansfield, one of which we sustained. *United States v. Owens*, 789 F.2d 750, 753, 763 (9th Cir.1986) (*Owens I*).

The Supreme Court reversed and remanded to this court. *United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). One of the grounds

---

1. In addition, the government introduced the testimony of three eye witnesses identifying Owens as the attacker, the testimony of a witness that Owens had admitted the assault, and clothing identified as Owens' and stained with blood of Foster's blood type.

advanced by Owens for excluding Foster's testimony remained open after the Supreme Court's decision; namely, that Foster lacked the personal knowledge of the identity of his attacker required by Fed.R. Evid. 602.[2] We remanded this issue to the district court stating:

> Because it is not clear that the district court ruled on Owens' continuing Rule 602 objection after the testimony at trial failed to correspond with the prosecutor's offer of proof, we remand. The district court is requested to rule on that objection in light of the trial testimony.

*United States v. Owens*, 844 F.2d 701 (9th Cir.1988).

■ As this court explained in *Owens I*, the personal knowledge requirement of Rule 602 applies at two levels: first, the witness who testifies must have personal knowledge of the making of the out-of-court statement, and second, the person who made the out-of-court statement must have had personal knowledge of the events on which he based his statement. *Owens I*, 789 F.2d at 754.

Foster testified he vividly recalled identifying Owens as his assailant to Agent Mansfield. Owens concedes this was sufficient to establish that Foster's testimony that he had identified Owens as his assailant to Agent Mansfield was based on personal knowledge. Thus, the sole issue was whether Foster had the requisite personal knowledge of his assailant's identity when he spoke with Agent Mansfield. *Id.* The resolution of this issue determines the admissibility of the testimony of both Foster and Agent Mansfield regarding Foster's out-of-court identification of Owens. *See id.* at 754 & n. 2.

On remand from this court the district court examined the trial record, considered counsels' arguments, and concluded (1) there was a sufficient showing that Foster's out-of-court identification was based on personal knowledge to justify submission of Foster's testimony to the jury under Rule 602; and (2) even if the evidence was

improperly admitted, the error was harmless. 699 F.Supp. 815. Owens challenges both holdings.

■ Owens argues the district court applied the wrong standard in determining the sufficiency of the evidence of personal knowledge. Owens contends the trial court held Foster's testimony was to be admitted unless it was an "impossibility" that Foster personally perceived that Owens was his assailant. Owens rests this argument solely on the fact that the trial court's memorandum opinion quoted Judge Weinstein's quotation of Professor Morgan to this effect. *See* 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 602[02] 502–9 to 10 (1988). The trial court's quotation also included Judge Weinstein's comment that "impossibility" was too strong a word; that "near impossibility" or "so improbable that no reasonable person could believe" might be nearer the mark; and that "[t]he judge should admit the testimony if the jury *could* find that the witness perceived the event to which he is testifying, since credibility is a matter for the jury." *See* 3 Weinstein's Evidence ¶ 602[02] at pp. 602–09 to 11 (footnotes, citations and quotations omitted) (emphasis in district court quotation).

The distinctions are to some extent rhetorical flourishes designed to add emphasis to the point that it is the function of the jury, not the court, to determine credibility; that the role of the judge is to determine "not whether the witness did perceive the matter, but whether a jury or other trier of fact could reasonably believe that the witness perceived it." Model Code of Evidence, Comment on Rule 104 (1942). In any event, the differences in formulation are of no significance here. The trial court specifically found the evidence met the test for which appellant argues—that is, that the evidence was sufficient to support a finding by a reasonable juror that Foster had personally perceived Owens to be his attacker. The trial court said:

> There are three grounds upon which a reasonable juror could find that Fos-

---

**2.** Rule 602 states in part:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowl-

edge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.

*ter possessed the requisite personal knowledge.* First, the placement of "defensive wounds" on Foster's face, head, and arms is consistent with his direct observation of his assailant, *i.e.,* wounds which circumstantially indicate a frontal attack and face-to-face confrontation. Second, the very detail contained in Foster's description of the attack suggests that he remembered it at the time of the interview.... Third, Foster directly testified at trial that, at the time of the interview, the attack was "vivid" in his mind. The credibility of this claim lay squarely before the jury.

There is no basis for concluding that the jury was unreasonable in inferring that Foster's prior identification of defendant was made on the basis of personal knowledge. Defendant had ample opportunity to test Foster's credibility and the accuracy of his memory. The admission of Foster's testimony over defendant's Rule 602 objection was not error and does not justify the grant of a new trial. (emphasis added)

This evaluation of the evidence fell well within the scope of the trial court's discretion.

■ We also agree with the trial court's alternative holding that if the Foster testimony was erroneously admitted, the error was harmless. As the government's brief puts it:

> In sum, the evidence against Owens, apart from Foster's testimony, could well be viewed as overwhelming. It is uncommon to have an assault case where the prosecution is able to show that the defendant's clothes have the victim's blood, the defendant admits to the assault and three independent eyewitnesses identify the defendant as the assailant.[3]

AFFIRMED.

---

**3.** See note 1. The government's reference to "the victim's blood" should more accurately have been stated as "blood of the victim's type."