141 P.3d 1158

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel GUTIERREZ, Defendant–Appellant.**

No. 31582.

Court of Appeals of Idaho.

June 7, 2006.

Review Denied Aug. 17, 2006.

---

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Krista L. Howard, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Miguel Gutierrez appeals from his judgment of conviction for rape. Specifically, Gutierrez challenges the district court's allowance of a question posed by the jury to be admitted and answered at trial and the denial of his motion for a mistrial made during the prosecutor's rebuttal closing argument. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

The victim in this case is a nineteen-year-old woman. During an evening walk, the victim met Gutierrez while he was standing at a pay phone outside the motel where he

was staying. After this introduction, the victim briefly met on a social basis with Gutierrez three times over the next two days. On their third meeting, at Gutierrez's motel room, Gutierrez made sexual advances toward the victim. According to the victim she refused his advances, and he then forcibly raped her. The victim reported the incident to the police, and Gutierrez was arrested and charged with one count of rape. I.C. § 18–6101(3). A jury found Gutierrez guilty after a trial. The district court sentenced Gutierrez to a unified term of ten years, with a minimum period of confinement of five years. Gutierrez appeals.

## II.

## ANALYSIS

### A. Jury Question

█ At trial, the jury submitted a question for a witness, the registered nurse (RN) who performed the rape kit examination on the victim. The question was whether it was unusual for rape victims to have no external physical injuries. Gutierrez objected to the question on the grounds of relevancy, foundation, and unfair prejudice. The district court overruled the objection and allowed the RN to answer the question. On appeal, Gutierrez asserts the district court erred in allowing the question. Gutierrez argues there was insufficient foundation establishing the RN had personal knowledge, as required by Idaho Rule of Evidence 602 [1], as to whether the alleged victims she previously examined had actually been raped. As a result, Gutierrez contends the RN did not have personal knowledge of whether it was unusual for victims of rape to not have external injuries. The state responds that Gutierrez did not object on the grounds of lack of personal knowledge under Rule 602 and, therefore, has not preserved that specific objection for appeal. The state also asserts that, even if Gutierrez had made such an objection, the testimony's admission was not error.

█ Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). For an objection to be preserved for appellate review, either the specific ground for the objection must be clearly stated or the basis of the objection must be apparent from the context. *State v. Sheahan,* 139 Idaho 267, 277, 77 P.3d 956, 966 (2003). We conclude that Gutierrez's stated objection to lack of foundation was broad enough to encompass Rule 602 and, therefore, we consider the merits of the issue raised.

█ The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin,* 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct.App.1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman,* 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

█ Idaho courts have not yet squarely addressed the standard necessary to prove the sufficiency of a witness' personal knowledge required for his or her testimony to be admissible as to a particular question. *See* I.R.E. 602. However, Rule 602 analysis of the United States Ninth Circuit Court of

---

1. Idaho Rule of Evidence 602 provides:

 A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove person-
 al knowledge may, but need not, consist of the testimony of the witness. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

Appeals is instructive in this matter.[2] Generally, testimony meets the requirements of Rule 602, and should be admitted by the court, if the jury or other trier of fact could reasonably find that that the witness perceived the event. *See United States v. Owens–El,* 889 F.2d 913, 915 (9th Cir.1989). The role of the court in assessing the offer of proof, then, is not to determine if the witness actually perceived the event, but whether the trier of fact could reasonably believe the witness perceived it. *Id.* This Court also notes that an objection to personal knowledge should be sustained if the testimony is based upon conjecture, hearsay, or any source of information other than that which the witness did actually perceive. *See State v. Hall,* 111 Idaho 827, 832, 727 P.2d 1255, 1260 (Ct.App.1986); *see also* JOHN W. STRONG, MCCORMICK ON EVIDENCE § 10 (5th ed.1999).

Here, previous testimony by the RN had established her medical training and experience. After Gutierrez objected to the jury's question, outside its presence, the district court allowed both counsel to question the RN regarding her experience assisting in or conducting rape kit examinations upon patients claiming they had been raped. The record demonstrates that, through questioning, the state established the RN had been trained to perform rape kits and had performed or assisted in many rape examinations. During that experience, the RN had witnessed outward physical trauma on only two patients who had a rape examination performed upon them. The district court was satisfied with the offer of proof and allowed the question. When asked the question in the presence of the jury, the RN answered that it was not unusual for a rape victim to not have external physical injuries.

The question called for an opinion regarding all rape victims generally. No foundation was laid establishing that the RN was qualified to opine on the typical medical condition of all rape victims or what type of outward physical trauma was or was not common in rape victims in general. In addition, no evidence established that any of the referred-to patients had actually been raped. As a re-

sult, no evidence was presented that would allow a jury to reasonably believe the RN could testify about any personally perceived knowledge of actual rape victims as required by Rule 602. We determine the question was over-broad as phrased, and the offer of proof was insufficient to establish the RN had the personal knowledge to answer the question as asked. Therefore, the district court erred in allowing the question.

 Error is not reversible unless it is prejudicial. *State v. Stoddard,* 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the error in the present case was harmless. *See State v. Poland,* 116 Idaho 34, 37, 773 P.2d 651, 654 (Ct.App.1989). An error is harmless if the appellate court is able to say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. *State v. Boman,* 123 Idaho 947, 950–51, 854 P.2d 290, 293–94 (Ct.App.1993).

 We conclude that the error in the instant matter was harmless. The record shows that later questioning elicited testimony that the RN was only answering the question in the context of rape examinations she had performed or assisted in, not all cases of rape. Additionally, the RN did not claim knowledge of whether the patients she had treated were actually raped, only that they were alleged victims that required a rape examination. Although the initial question and answer was over-broad, the testimony elicited thereafter would have allowed the jury to reasonably conclude the RN was only answering the question in the narrow context of her own personal experience. There was sufficient proof presented to the court to establish that the jury could reasonably believe the RN had witnessed many rape examinations firsthand and that her perception of what she had seen during those examinations was credible.

Moreover, there was overwhelming evidence of Gutierrez's guilt presented at trial, including the testimony of the victim, police, medical professionals and a forensic techni-

**2.** Idaho Rule of Evidence 602 is identical to Federal Rule of Evidence 602.

cian. Of particular significance was a police officer's testimony relating Gutierrez's detailed confession that he committed the rape, essentially as the victim described it in her testimony. Given the narrowing of the context of the RN's original answer and the evidence of guilt presented at trial, we conclude beyond a reasonable doubt that the outcome of the trial would have been no different absent the improper question.

## B. Denial of Mistrial

During the prosecutor's rebuttal closing argument, Gutierrez moved for a mistrial on the grounds of prosecutorial misconduct in the form of statements made by the prosecutor. The district court denied the motion for mistrial. Gutierrez argues on appeal that the district court erred in denying his motion for mistrial as the prosecutor's comments directly appealed to the passion of the jury and were disparaging to defense counsel.

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart,* 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App.1983).

Gutierrez asserts the event that precipitated his motion for mistrial was prosecutorial misconduct committed during the prosecutor's rebuttal closing argument. A conviction will be set aside for prosecutorial misconduct only when the conduct is sufficiently egregious to result in fundamental error. *State v. Kuhn,* 139 Idaho 710, 715, 85 P.3d 1109, 1114 (Ct.App.2003). Prosecutorial misconduct rises to the level of fundamental error when it is calculated to inflame the minds of jurors and arouse prejudice or passion against the defendant, or is so inflammatory that the jurors may be influenced to determine guilt on factors outside the evidence. *Kuhn,* 139 Idaho at 715, 85 P.3d at 1114. Counsel for both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Martinez,* 136 Idaho 521, 525, 37 P.3d 18, 22 (Ct.App.2001). In closing argument, the prosecutor is entitled to argue all reasonable inferences from the evidence in the record so long as he or she avoids expressing a personal belief, unless the comment is based solely on inferences from evidence presented at trial. *See State v. Kuhn,* 139 Idaho 710, 715, 85 P.3d 1109, 1114 (Ct.App.2003).

Gutierrez's counsel at closing argument reviewed the state's evidence presented at trial and argued its deficiencies, including the lack of DNA testing on semen found in the victim and the victim's lack of credibility. Gutierrez's counsel commented to the jury that the state had "put on a half-priced case to you today, and it should be offensive." The prosecutor began her rebuttal closing argument by commenting: "Counsel [for Gutierrez] said that you should be offended by the half-price case that was presented today. I think you should be offended by the comments that were made about the victim in this case. You have to remember, the victim is not on trial in this case"

From the context in which the prosecutor's statement was made, the prosecutor's com-

ments were not improper. The prosecutor's statement was plainly responding to defense counsel's suggestion that the state's case was offensive. The record does not support the contention that the prosecutor sought to inflame the passions of the jury or disparage opposing counsel in a manner that would improperly prejudice the minds of the jurors. The prosecutor's statement was within the bounds of acceptable closing argument. Therefore, the district court did not err in denying Gutierrez's motion for mistrial.

## III.

## CONCLUSION

The prosecutor failed to provide sufficient foundation for the district court to allow the RN to answer the jury's broad question. However, the RN's follow-up testimony, making obvious her answer only pertained to the narrow context of her personal experience, mitigated the prejudice to Gutierrez, and the overwhelming evidence against Gutierrez would have led the jury to the same result even absent the district court allowing the question. Therefore, the district court erred in allowing the jury question but the error was harmless. The prosecutor's comments were within the permissible scope of closing argument. Therefore, the district court did not err in denying Gutierrez's motion for mistrial. Accordingly, Gutierrez's judgment of conviction is affirmed.

Judge LANSING and Judge GUTIERREZ concur.