MEMORANDUM *
Norman Ray Nelson appeals his conviction and sentence for assault with a dangerous weapon and assault by striking, beating, or wounding. Nelson argues that the district court erred by denying his motion for a judgment of acquittal, by admitting the victim’s out-of-court identification of Nelson as his assailant, and by announcing Nelson’s sentence before articulating the reasons the sentence was reasonable under 18 U.S.C. § 3553(a).
We review the denial of the motion for acquittal de novo, construing the evidence against Nelson in the light most favorable to the government to determine whether a rational jury could have found him guilty beyond a reasonable doubt. See United States v. Johnson, 357 F.3d 980, 983 (9th Cir.2004). The victim testified at trial that Nelson stabbed him and had wounds which were consistent with being stabbed. Although the victim was intoxicated, the jury could have “reasonably believe[d]” that the victim could identify Nelson as his attacker, so this evidence was properly before the jury. See United States v. Owens-El, 889 F.2d 913, 915 (9th Cir.1989) (describing the standard for admissibility under Federal Rule of Evidence 602). Two other witnesses placed Nelson alone outside Nelson’s uncle’s home with the victim, where the stabbing occurred. One of these witnesses described some sort of struggle or confrontation between Nelson and the victim. Nelson left the scene and a police officer testified that when she approached him, he gave her a false name. Because a rational, properly instructed jury could have found Nelson guilty beyond a reasonable doubt, we affirm the district court’s denial of Nelson’s Rule 29 Motion for Acquittal. See United States v. Shea, 493 F.3d 1110, 1114 (9th Cir.2007).
We review de novo the district court’s interpretation of the Federal Rules of Evidence. See United States v. Alvarez, 358 F.3d 1194, 1214 (9th Cir.2004). Nelson argues that the district court erred in admitting testimony which relayed the victim’s statements to a police officer on the scene. Under Federal Rule of Evidence 801(d)(1)(c), statements “of identification of a person made after perceiving the person” are admissible. Nelson argues that because the statement was not in the context of a line up, it is one of “accusation,” not one of identification, because it did not occur “after perceiving the person.” This argument is foreclosed by United States v. Owens, 789 F.2d 750, 755 (9th Cir.1986), overruled on other grounds, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). We therefore affirm the district court’s decision to allow the testimony.
We review the district court’s sentence for plain error because Nelson did not object during his sentencing. United States v. Ferguson, 560 F.3d 1060, 1065 (9th Cir.2009). Nelson’s argument that the district court erred by announcing his sentence and then, in the same proceeding, immediately explaining the reasons for that sentence misunderstands United States v. Waknine, 543 F.3d 546 (9th Cir.2008). Waknine requires that the district court make a “contemporaneous announcement of the calculated Guidelines range” *711 and explain why the sentence is reasonable “in light of the § 3553(a) factors.” Id. at 554 (emphasis added). The district court explained in detail why Nelson’s sentence was reasonable in light of the § 3553(a) factors, including the seriousness of the crime itself, Nelson’s criminal and personal history, the need to protect the public, deterring further crime, and ensuring that Nelson received treatment for alcoholism. This explanation, offered in the same proceeding where the sentence was announced, made it clear that the district court properly considered the reasonableness of the sentence in light of § 3553(a). Therefore, we affirm the sentence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.