**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50965**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  February 7, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WAYLAND DEREK SAVAGE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Brent L. Whiting, District Judge.

Judgment of conviction for grand theft, resisting and obstructing, and persistent violator enhancement, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Wayland Derek Savage appeals from his judgment of conviction for grand theft, resisting and obstructing, and being a persistent violator.  Savage argues the district court erred by denying his motion for a mistrial because the prosecutor committed prosecutorial misconduct during closing argument.  The district court did not err in denying Savage's motion for a mistrial.  Savage's judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Savage with grand theft, Idaho Code §§ 18-2403(1), -2407(1)(b); and resisting and obstructing, I.C. § 18-705.  The State also charged Savage with a persistent violator enhancement, I.C. § 19-2514.  The case proceeded to a jury trial.

1

At trial, the State called the victim of the stolen car, Officer Burgoyne, and Detective Scott as witnesses. The victim testified that during the early morning hours, he drove to work, parked his car, and left his car unlocked with the keys inside. About two hours later, he returned to check on his vehicle and realized that it was gone. He called the police and reported his vehicle as stolen. Officer Burgoyne testified that he saw the report of the solen vehicle, located the vehicle while it was being driven, and initiated a traffic stop. The driver of the stolen vehicle, Savage, exited the vehicle and did not initially comply with Officer Burgoyne's commands to turn around and put his hands on his head. Officer Burgoyne eventually took Savage into custody. Detective Scott testified next that while Savage was in custody, Savage explained to Detective Scott that he intended to drive the car to Boise and then either contact the vehicle's owner or report the vehicle as stolen so it would be recovered. In his defense, Savage testified that while he took the vehicle without permission, he was merely using it to get to Boise because he was stranded in Nampa. Savage stated that he intended to go to a homeless shelter in Boise and would then report the vehicle as stolen.

During his rebuttal closing argument, the prosecutor stated people who are caught in the act lie and make up stories. After the jury reached its verdict, but before the verdict was announced, Savage moved to dismiss the charges, arguing the prosecutor committed prosecutorial misconduct by comparing Savage to a pedophile on the television series *To Catch a Predator*.[1] The prosecutor indicated he was only commenting on Savage's credibility. The district court denied Savage's motion, holding that the prosecutor's comments were not misconduct and did not warrant a mistrial. The jury found Savage guilty on both counts. Savage admitted to the persistent violator enhancement. Savage timely appealed from the judgment of conviction.

## II.

### STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error

---

[1]    *To Catch a Predator* is an American reality television series in the television news magazine program *Dateline NBC* featuring confrontations of child predators by host Chris Hansen, partly filmed with a hidden camera, with adult men arriving at a sting house to have sex with a minor and typically being arrested as a result. The minors are adults impersonating underage persons (generally ages twelve or thirteen) in online chats. WIKIPEDIA, https://en.wikipedia.org/wiki/To_Catch_a_Predator (last visited Oct. 24, 2024).

or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

## III.

## ANALYSIS

Savage argues the district court should have granted his motion for a mistrial because the prosecutor committed misconduct by comparing Savage's credibility to the credibility of a pedophile caught red-handed who then lied about it. The State argues the district court did not err because a review of the record and applicable law supports the district court's determination that the prosecutor's references did not require a mistrial.

During closing argument, Savage's trial counsel stated:

Why would my client lie? [Savage] got up here and admitted he committed a crime. He told you, "I did this. I took this vehicle. I took it without permission and it was wrong and it was stupid, but I had been homeless for five days and my feet were hurting, my knees were buckling, and I just didn't know what else to do."

In response, the prosecutor stated during rebuttal closing argument that:

> I'm not going to accept [defense counsel's] invitation to comment on any witness' credibility. That's your job. You get to decide who you believe; however, [defense counsel] asked a question, "Why would my client lie?" I don't know. We talked during jury selection about having kids, about catching kids in the act. "My sister told me to do it. The dog did it."
>
> Anyone ever watch To Catch a Predator? Someone goes online and starts chatting up a 13-year-old girl about going and having sex, smoking marijuana, doing other drugs, shows up at the house, young girl meets him, starts talking. The door opens, a man walks out, and says, "Hello. I'm Chris Hansen. Why don't you have a seat?" and then you get to see people make up some stories and I ask you why would someone that's been chatting up a 13-year-old girl for sex lie when they're caught by Chris Hansen?

3

> Why would [Savage] lie when he's given the opportunity to explain exactly why he's in a stolen vehicle that was stolen three hours before--why he's in a stolen motor vehicle? That's for you to figure out.

And, further into his argument, the prosecutor stated:

> "I'd do something to get it back" sounds an awful lot like "I just came over to this house to say hi to the 13-year-old girl," or "I just came over to warn the internet's a dangerous place." That's what people do when they get caught in the middle of a crime, in this case, Mr. Savage being caught driving a stolen vehicle three hours after he stole it. Again, it's up to you to decide who you believe. It's up to you to decide whether Mr. Savage is guilty of grand theft.

In denying Savage's motion for a mistrial, the district court stated:

> So the example was quite an extreme as far as the effect that that could have on the listener. I--I don't think that it rose to the level of misleading the jury or tainting the jury to make this defendant--make them think that he was somehow accused of something that terrible. I recognize the concern; however, I don't think it raises to the level of a mistrial, and so assuming that that really is the motion, is the motion for mistrial or dismissal, I don't believe it quite gets there. I do see this concern; however, I'm going to deny--deny the motion.

Under I.C.R. 29.1 (a), a mistrial may be declared on motion of defendant when there is "an error or legal defect in the proceedings, or conduct that is prejudicial to the defendant and deprives the defendant of a fair trial." Savage argues that the prosecutor committed prosecutorial misconduct that would trigger a mistrial when, during closing arguments, the prosecutor compared Savage to a pedophile who was caught in the act and then lied about it. Savage cites *State v. Gross*, 146 Idaho 15, 20, 189 P.3d 477, 482 (Ct. App. 2008) for the proposition that it is impermissible for a prosecutor to disparage the defendant or appeal to emotion, passion, or prejudice of the jury through use of inflammatory tactics. Savage argues the prosecutor's comments directly disparaged Savage because it was inherently prejudicial to compare him to a suspect involved in sexual misconduct against children. Savage argues that because those cases possess a unique capacity to remain in the minds of jurors, the prosecutor's comments impermissibly inflamed the emotion, passion, or prejudice of the jury.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). Appeals to emotion, passion, or prejudice of the jury through use of inflammatory tactics are impermissible. *Gross*, 146 Idaho at 20, 189 P.3d at 482. However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Field*, 144 Idaho at 571, 165 P.3d at 285. A fair trial is not

necessarily a perfect trial. *Id.* We note that parties are given considerable latitude in closing argument and are entitled to discuss the evidence and inferences and deductions arising therefrom. *State v. Lovelass*, 133 Idaho 160, 169, 983 P.2d 233, 242 (Ct. App. 1999).

In this case, the prosecutor did not directly disparage Savage because the prosecutor did not argue that Savage was a pedophile or charged with a sex crime. Rather, the prosecutor compared Savage's explanation while caught in the act to other similarly incredible explanations of others caught in the act. For example, the prosecutor compared Savage's explanation to those of kids caught in the act of some minor offense. The prosecutor also compared Savage's explanation to that of an individual caught soliciting sexual contact with minors. Although Savage claims the prosecutor compared him to a pedophile, in fact, the prosecutor never used that word. The comparison the prosecutor was making was not that Savage was a pedophile but, instead, was acting similarly to an individual caught in the act of committing a crime.

In a similar case, *State v. Norton*, 151 Idaho 176, 254 P.3d 77 (Ct. App. 2011), Norton was charged with first degree arson, conspiracy to commit first degree arson, and insurance fraud. *Id.* at 181, 254 P.3d 82. She was convicted by a jury on all charges. *Id.* Norton appealed, alleging, among other claims, that the prosecutor engaged in misconduct. *Id.* Specifically, Norton alleged that the prosecutor engaged in misconduct during his opening statement and closing argument when he argued the case was like a Jerry Springer episode,[2] which was an inflammatory theme. *Id.* at 188, 254 P.3d at 89. This Court held that, "[W]hile the prosecutor's reference to Jerry Springer in the context of the themes of greed and revenge may have been, at most, inappropriate, it is not misconduct." *Id.*

Here, the prosecutor's theme was comparing incredible explanations by individuals caught in the act of committing a crime or misdeed. Contrary to Savage's argument, the prosecutor did not disparage Savage, explicitly or implicitly, by arguing that Savage was a pedophile or that his conduct was like that of a sex offender. Instead, the prosecutor compared the credibility of statements by individuals caught in the act of committing a crime. The latitude given in closing argument includes the right to express how, from that party's perspective, the evidence confirms or calls into doubt the credibility of particular witnesses. *State v. Priest*, 128 Idaho 6, 14, 909 P.2d

---

[2] Jerry Springer was a television host best known for hosting a controversial tabloid-style talk show. He was noted as a pioneer in the emergence of the "trash TV" genre of broadcast television. WIKIPEDIA, https://en.wikipedia.org/wiki/Jerry_Springer (last visited Jan. 09, 2025).

624, 632 (Ct. App. 1995). In this case, the prosecutor did not disparage Savage personally; he simply challenged Savage's explanation for stealing the car.

Next, the prosecutor did not impermissibly appeal to the emotion, passion, or prejudice of the jury with inflammatory tactics. As discussed above, the prosecutor did not suggest that Savage was charged with a sex crime against children or that he was a pedophile. Rather, the prosecutor challenged Savage's credibility as it related to his explanation of why he was driving around in the stolen vehicle. Thus, the indirect comparison made by the prosecutor, while ill-advised, does not rise to the level of prosecutorial misconduct.

Finally, the prosecutor was entitled to respond to defense counsel's claim in closing argument that Savage had no motive to lie, because it is permissible for a prosecutor to respond to a suggestion made by defense counsel during closing argument. *Gross*, 146 Idaho at 20, 189 P.3d at 482; *State v. Gutierrez*, 143 Idaho 289, 294-95, 141 P.3d 1158, 1163-64 (Ct. App. 2006). In determining whether the comment was proper, the context in which the prosecutor's statements are made is a consideration in determining whether a mistrial is warranted. *Gutierrez*, 143 Idaho at 294-95, 141 P.3d at 1163-64. Additional factors to be considered include whether the prosecutor sought to inflame the passions of the jury or disparage opposing counsel in a manner that would improperly prejudice the minds of the jurors. *Id.* at 295, 141 P.3d at 1164. In this case, the context of the prosecutor's comparison was in response to defense counsel asking the jury why Savage would lie. The prosecutor was entitled to respond to that question. In doing so, the prosecutor referenced kids caught committing an act and adults caught committing an offense. The prosecutor's comments did not rise to the level of misconduct and, as a result, there was no basis for the district court to grant a mistrial.

Further, we agree with the district court that the prosecutor's statements did not constitute reversible error warranting a mistrial. In reviewing the denial of a motion for a mistrial in a criminal case, the appellate court focuses on the continuing impact on the trial of the incident that triggered the mistrial motion. *State v. Towell*, 172 Idaho 648, 654, 535 P.3d 624, 630 (Ct. App. 2023). The denial of a motion for mistrial will be disturbed on appeal only if the incident giving rise to the motion, viewed retrospectively, constituted reversible error. *Id.* Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). In determining whether the error that forms the basis for a motion for a mistrial is reversible, we apply the harmless error test. *State v. Smith*, 170 Idaho 800, 810, 516 P.3d 1071, 1081 (2022).

6

This standard requires weighing the probative force of the record while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.* The State bears the burden of demonstrating that the error is harmless beyond a reasonable doubt. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Regarding the probative force or prejudicial effect of the error, Savage argues that the prosecutor's misconduct had a continuing impact on the trial because the case came down to whether the jury believed that Savage intended to return the vehicle or not. Savage asserts that the final argument heard by the jury was that Savage's credibility was as worthless as a lying sex offender caught in the act on reality television, so the prosecutor's misconduct infected the trial "with [such] unfairness as to make the resulting conviction a denial of due process." The State argues the risk of prejudice from the prosecutor's statements was limited by the fact that it did not disparage Savage, did not import the prosecutor's own belief about the witness, and did not use inflammatory language to describe Savage. The State argues any prejudice was further limited by the fact that the analogy was "so far afield from the actual charges against Savage, and from the actual facts presented at trial." Consequently, there was no possibility the jury could have understood the analogy to suggest Savage is a sex offender.

Here, when the prosecutor's statement is excluded, the probative force of the remaining record supports the jury's verdict finding Savage guilty beyond a reasonable doubt. At trial, the State called three witnesses. First, the owner of the vehicle testified that he did not give Savage permission to take the vehicle and reported it as stolen. Next, Officer Burgoyne testified that when he contacted Savage, Savage apologized for taking the vehicle and stated that he knew what he did was wrong. Finally, when Detective Scott interviewed Savage after he was in custody, Savage provided the detective with three different versions of what his intentions were when he took the vehicle. As noted above, the prosecutor did not commit misconduct during closing argument. But even if his statements constituted misconduct, any probative force of those statements in the closing argument was minimal. Thus, when weighing the probative force of the record while excluding the prosecutor's statements about *To Catch a Predator* and at the same time comparing it against the probative force of those statements, we conclude any error was harmless. Thus, the district court did not err in denying Savage's motion for a mistrial.

## IV.
## CONCLUSION

The district court did not err in denying Savage's motion for a mistrial. Therefore, Savage's judgment of conviction for grand theft is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.