Justice W. JONES,
specially concurring in part and dissenting in part.
I concur with the Court that the district court erred and the case should be remanded, but respectfully disagree with Section IV(A) of the majority’s opinion and the Court’s remand instruction. I adhere to my dissent in Severson’s direct appeal (State v. Severson, 147 Idaho 694, 723-29, 215 P.3d 414, 444-49 (W.Jones, J., dissenting)), and emphasize again that the prosecutor’s remarks, while perhaps not all individually worthy of reversal, amounted to an unfair trial and fundamental error when considered in the aggregate. I again note that the cumulative error doctrine supports a finding of fundamental error in this case.
The majority has concluded that because there was no fundamental error resulting from the prosecutorial misconduct which occurred at tidal, Severson was not prejudiced by his attorney failing to object to that misconduct. Taking the majority’s premise that there was no fundamental error as true, I do not argue with the logic leading to the conclusion that there cannot be prejudice now. However, as I stated in my dissent in the direct appeal, the cumulative error doctrine supports the conclusion that the prosecutor’s conduct during closing arguments deprived Severson of a fair trial and thereby constituted fundamental error. See State v. Gross, 146 Idaho 15, 21, 189 P.3d 477, 483 (CLApp. 2008) (“The cumulative error doctrine refers to an accumulation of irregularities, each of which by itself might be harmless, but when aggregated, show the absence of a fair trial in contravention of the defendant’s right to due process.”) (citing State v. Moore, 181 Idaho 814, 823, 965 P.2d 174, 183 (1998)).
Given that, in my opinion, the prosecutorial misconduct in this case did amount to fundamental error, the proper course of action at this stage is to analyze whether or not Sever-son’s counsel’s failure to object to that same misconduct prejudiced Severson sufficiently to constitute ineffective assistance of counsel. By failing to so analyze, the majority, having deprived Severson of his right to a fair trial in the direct appeal, now limits his ability to fully litigate whether his right to effective assistance of counsel was satisfied.
The majority divides the prosecutor’s conduct into statements the majority addressed on the direct appeal as one category, versus statements it did not address as the second category. It refuses to consider the former category due to issue preclusion. The error of the majority is that the issue presently before the Court is the collective consideration of all of Severson’s counsel’s failures to object to the prosecutor’s comments, not consideration of each failure individually. Because the issue of whether all of Severson’s counsel’s failures collectively constituted ineffective assistance of counsel has not before been litigated, it is not barred by issue preclusion.
If Severson was prejudiced by his attorney’s failure to object to the prosecutor’s statements, that prejudice did not stem from failing to object to one statement individually or even one category of statements, but rather from the totality of each failure to object to all of the instances of misconduct, which were manifold. That is why properly addressing Severson’s claim of ineffective assistance of counsel requires consideration of all failures in their totality rather than individually. Thus, in order to properly address Severson’s claim of ineffective assistance of counsel, the district court should consider the whole of Severson’s counsel’s repeated failures to object to the prosecutor’s misconduct.
I do not take issue with Section IV(B) of the majority’s opinion. To be clear, I continue to believe that the majority was incorrect in not considering the statements that were not addressed by it on Severson’s direct appeal, but given that it did not consider them, *524 I agree with its legal analysis in Section IV(B).
Accordingly, I concur with the majority that the district court erred in summarily dismissing Severson’s claims for ineffective assistance of counsel. For the reasons outlined above, I disagree with the analysis that led the Majority to limit its assignment of error to the district court’s failure to consider only those claims that were not raised on direct appeal.
Justice Pro Tern WAYNE KIDWELL concurs.