IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42984

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 483 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 13, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAN RAY NELSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction for sexual battery of a minor child sixteen or seventeen years of age, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dan Ray Nelson appeals from the district court's judgment of conviction for sexual battery of a minor child sixteen or seventeen years of age. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Nelson was charged with one count of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and one count of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A. Nelson was interviewed by a detective and the interview was videotaped but, for unknown reasons, the audio did not record. Nelson pled not guilty and waived his right to a preliminary hearing. At trial, the minor testified that Nelson had manual-genital and oral-genital contact with him. The minor testified that the contact occurred over a

1

period of four years, some occurring before he was sixteen years old, and some occurring afterwards. The detective testified that Nelson initially claimed he had no sexual contact with the minor, but later stated that the minor had once touched his genitals without permission and that on another occasion he had oral contact with the minor's genitals. Nelson also testified at the trial and denied the detective's statements.

In closing, the prosecutor argued that an inconsistency in the minor's prior statements regarding the number of times he had been touched by Nelson did not make his testimony unreliable, and that the detective did not fabricate Nelson's confession. Nelson did not object to the prosecutor's closing arguments. The jury returned a verdict of not guilty for the lewd conduct charge, but guilty for the sexual battery of a minor charge. The district court imposed a unified sentence of twenty-five years with three years determinate. Nelson timely appealed.

## II.

## ANALYSIS

Nelson maintains that the prosecutor committed misconduct in closing argument. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id*. A fair trial is not necessarily a perfect trial. *Id.*

Nelson made no contemporaneous objection to the prosecutor's closing argument at trial. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when a defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id*. at 226, 245 P.3d at 978.

Nelson claims that the prosecutor committed misconduct in closing argument by "vouching for the credibility of the investigating officer and the prosecutor and by appealing to the emotion, passion, or prejudice of the jury." Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86,

156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases "I think" and "I believe" altogether. *Id.* Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588. *See also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998).

Specifically, Nelson maintains that the prosecutor committed fundamental error in closing argument by: (1) vouching for the detective; (2) aligning the detective with the State by making comments that they were on the same team; and (3) asking the jury members to imagine themselves as the victim. Nelson has failed to meet the *Perry* fundamental error test because he has not proven that his constitutional right to a fair trial has been violated.

**A.     Vouching for the Detective and Aligning the Detective With the State**

During trial, the detective testified that during a forensics interview Nelson confessed to having sexual contact with the minor. Nelson testified that the detective lied when he testified that Nelson confessed to having sexual contact with the minor. In closing argument, the prosecutor addressed Nelson's assertion that the detective was lying:

So then we get down to Detective Marley is lying, or the defendant is lying right?

3

I mean, we're dealing--now--so let's walk through that a step at a time. Let's say--and I'm trying to do this very objectively, because the absurdity to suggest that Detective Marley would lie about this makes my skin crawl. Let's talk about it. He has the right to have you discuss this. This should be part of the discussion in the jury room, so let's talk about it.

Nelson maintains the above statement violated his constitutional right to a fair trial because the prosecutor was vouching for the detective's credibility. "A prosecutor should avoid expressing a personal belief as to the credibility of a witness unless the comment is based solely on inferences from evidence presented at trial." *State v. Porter*, 130 Idaho 772, 786, 948 P.2d 127, 141 (1997). While the prosecutor's "skin crawl" comment was unnecessary, there is no evidence that the statement relies on anything other than the evidence presented at trial. The comment was directed at the "absurdity" of claiming the detective was lying.

The prosecutor first walked the jury, "a step at a time," through the evidence and inferences demonstrating that the detective was not lying. The prosecutor's statements were aimed at addressing a credibility issue, the comments were made to show that the defense's argument that the evidence showed the detective was lying was "ridiculous," and a prosecutor may "express how, from [the prosecutor's] perspective, the evidence confirms or calls into doubt the credibility of particular witnesses." *Priest*, 128 Idaho at 14, 909 P.2d 624 at 632. The prosecutor's argument did not amount to fundamental error.

B.    **Vouching for the Detective by Aligning Him With the State**

Nelson similarly maintains that the prosecutor violated his right to a fair trial by making comments that the detective and the State were on the same team, thus aligning the detective with the State. "A prosecutor can improperly vouch for a witness by placing the prestige of the state behind the witness or referring to information not given to the jury that supports the witness." *State v. Wheeler*, 149 Idaho 364, 368, 233 P.3d 1286, 1290 (Ct. App. 2010). The prosecutor again attempted to discredit Nelson's testimony that the detective was lying about the confession:

Well, if he's lying to you--I don't mean to sound terrible, but I can do a better job. I mean, if you want me to lie to you, we can do a better job. Okay? I mean, he can sit here and say he admitted this, this, this, this. . . . He can tell you all of that. That's what he can do, but it's not the truth.
        And to suggest he's lying about something, when the lie could have easily been much better--I mean, you saw the video.

4

A prosecutor may argue that "the state's evidence and theory of the case [is] more convincing." *State v. Gross*, 146 Idaho 15, 20, 189 P.3d 477, 482 (Ct. App. 2008). Nelson directly testified that the detective lied during his testimony, thus he made the detective's credibility an issue at trial, and as stated earlier, a prosecutor may "express an opinion in argument as to the truth or falsity of testimony . . . when such an opinion is based upon the evidence." *State v. Timmons*, 145 Idaho 279, 288, 178 P.3d 644, 653 (Ct. App. 2007). It was proper for the prosecutor to illustrate and argue to the jury that the evidence at trial indicated that the detective was telling the truth. The prosecutor's assertion that the detective's testimony was credible because he could have created an easier path to a persuasive lie was not an impermissible argument.

Furthermore, it is not clear from the face of the record that the statement "we can do a better job" of fabricating a lie meant that the detective and the prosecutor could fabricate a better lie, thus inferring that the investigator and the State are on the same team. The State asserts that "we" as used by the prosecutor is a reference to the prosecutor and the jurors being able to come up with a better lie than the detective allegedly did. It is not clear that the statement conveyed an alliance between the detective and the prosecution, and we will not infer the most damaging meaning from the prosecutor's statements when there are less damaging interpretations. *State v. Severson*, 147 Idaho 694, 719, 215 P.3d 414, 439 (2009) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). The prosecutor's argument did not amount to fundamental error.

## C.    Asking Jury Members to Imagine Themselves as the Victim

Nelson lastly maintains that the prosecutor violated his right to a fair trial by requesting that jury members imagine themselves as the victim. At trial, the minor was questioned extensively by defense counsel about possible inconsistencies in his statements to the forensic sex abuse examiner. To address the issue, the prosecutor explained in closing:

> There was differences on amount of times. I mean, can you imagine going in-- we've discussed this forensic interview. It was discussed briefly. But can you imagine going in, your mom's brought you to the police station, you've given a little snippet of what's going on, and you sit down in front of some handsome young lady, and you've just turned 18, and you're sitting in front of some lady, and she's asking you about all of the sexual activity you did with a 40-something-year-old.

The prosecutor's argument to "imagine" a person in the victim's circumstances undergoing a forensic sex abuse interview was not an improper argument. It is impermissible to request a jury

to put themselves in the position of a party or the victim when used to "encourage[] the jury to depart from neutrality," but it is "appropriate when used to ask the jury to assess the reasonableness of a party's actions by relying on their own common sense and life experiences." *Lopez v. Langer*, 114 Idaho 873, 878-79, 761 P.2d 1225, 1230-31 (1988). Here, the prosecutor did not improperly influence the jury by encouraging them to depart from neutrality. Rather, the prosecutor was explaining the victim's delay or inconsistencies in reporting the incident, arguing that the victim may have withheld because he was embarrassed. The prosecutor requested that the jury understand the victim's delay in reporting in light of the circumstances, by asking them to use their common sense and experiences.

## III.

## CONCLUSION

Nelson has failed to prove fundamental error caused by the prosecutorial misconduct in the State's closing argument. The prosecutor's actions did not improperly bolster the State's witnesses' credibility, and did not improperly appeal to the emotion, passion, or prejudice of the jury. Nelson's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.