# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45457

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 11, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BLAKE RYAN DAVIS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony possession of a controlled substance, misdemeanor possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Blake Ryan Davis was found guilty by a jury of felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia. Davis also admitted to a sentencing enhancement for being a persistent violator. Davis appeals, asserting that the prosecutor committed misconduct during closing argument rising to the level of fundamental error. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers visited Davis's residence to seek his assistance in locating another individual. During the officers' interaction with Davis, he appeared to be under the influence. As a result,

1

the officers asked Davis for consent to search a nearby backpack and Davis agreed. The officers found several knives and a lockbox inside the backpack. Davis provided the combination for the lockbox and ultimately opened it for the officers. The lockbox contained heroin, oxycodone pills, suboxone pills, drug paraphernalia, and a significant amount of cash. The lockbox also contained a bag containing a brown substance, which Davis identified as heroin.

The State charged Davis with trafficking in heroin, felony possession of a controlled substance, misdemeanor possession of a controlled substance, and possession of drug paraphernalia. The State also filed a persistent violator allegation. Davis pled not guilty and the case proceeded to a jury trial. The jury found Davis guilty of both counts of possession of a controlled substance and possession of drug paraphernalia, but was unable to reach a unanimous verdict on the trafficking charge. Davis subsequently admitted the persistent violator allegation and, pursuant to a plea agreement, pled guilty to the trafficking charge.[1] Davis appeals.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

---

[1] Because Davis pled guilty to trafficking, that aspect of his judgment of conviction is not at issue on appeal.

## III.

## ANALYSIS

For the first time on appeal, Davis asserts that the prosecutor's rebuttal closing argument constituted misconduct rising to the level of fundamental error. The State responds that Davis has failed to demonstrate the prosecutor's comments were improper, much less fundamental error. We conclude that Davis has failed to meet his burden under the fundamental error test.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588; *see also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998). The prosecutor's closing argument should not include disparaging comments about opposing counsel. *Phillips*, 144 Idaho at 86, 156 P.3d at 587; *see also Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998); *State v. Baruth*, 107 Idaho 651, 657, 691 P.2d 1266, 1272 (Ct. App. 1984).

One of the themes in Davis's closing argument was that he did not know what was inside the lockbox where the drugs were discovered, which is why he consented to the search of his backpack and why he assisted the officers in opening the lockbox. Davis argued:

> Then [the officer] asked, "Can I search your bag." He says sure. He said he had no drugs in the house and he let him search the bag where the drugs were found. Now, the State brought this up, speculation as to why, why would he do that?[2]

---

[2]  In its initial closing argument, the prosecutor argued Davis had knowledge of the contents of the lockbox because he provided the combination to the box. The prosecutor then commented that the jury may wonder why Davis did so and argued:

Did he say that, you know, he thought the officer would take it easier on him if he were cooperative, or is it possible that he granted permission to search that bag and search that box not knowing what was in there? He helped him with the combination. He opened it up.

In rebuttal, the prosecutor argued:

[Davis] denied having drugs. Well, surprise surprise, he denied having drugs. Why do dopers do what they do? Why do drug users do what they do? Who know[s]. I think there can be an inference drawn here he thought by first denying that the officers would go onto the next thing, okay, where's [the individual we're looking for], and forget about look[ing] around or doing anything more.

That didn't work, obviously, because [the officer] wanted to look in the bag and wanted to further pursue that. So it's an effort to--the inference here is it's an effort to kind of lead [the officer] off, hey, I'm cooperating now. Sure, of course, you can look in the bag but really in a hope that the officer will just say okay, well, if he--then it's probably nothing, and go back to the subject of [looking for the individual they came to find].

Again, who knows what dopers are thinking, right? You wouldn't probably make a jail call also where you're admitting everything when you should know you're going to be recorded. But bad judgment.

Davis did not object to any aspect of the foregoing rebuttal argument but argues, for the first time on appeal, that the prosecutor's use of the word "doper" to describe Davis was improper. Davis contends the word is "purely pejorative" and was "only meant to evoke an emotional reaction from the jurors" against his character. Davis equates the use of the word "doper" with the use of the word "liar," which this Court has cautioned can cross the line of propriety. *See State v. Kuhn*, 139 Idaho 710, 716, 85 P.3d 1109, 1115 (Ct. App. 2003). However, it is not improper to refer to a defendant as a liar if the defendant admitted to lying in connection with the case. *State v. Gross*, 146 Idaho 15, 18-19, 189 P.3d 477, 480-481 (Ct. App. 2008). Similarly, it is not improper to refer to the defendant as a "doper" if such a reference is consistent with the evidence presented. In this case, the evidence was that Davis appeared to be

We can only infer from the evidence possibly why he did that. Maybe he thought that if he just kind of cooperated at that point and said, yeah, yeah, yeah, here is the combination or whatever, that the officer would just say, nah, I don't really care, this is not something I think I should even pursue or look into further, the guy seems to be so honest and open with me. I don't know. But the bottom line is he did provide the combination to open it.

under the influence when contacted by officers and had a significant amount of drugs in his possession. Referring to him as a "doper" was consistent with the evidence. That the term has a pejorative connotation is insufficient to make its use improper or violative of the Constitution. Davis's challenge to the prosecutor's use of the term "doper," therefore, fails to satisfy the first prong of the *Perry* fundamental error analysis.

Davis next contends that the argument excerpted above "disparaged" his defense. According to Davis, saying "surprise surprise, he denied having drugs" and "[w]ho knows" why "dopers do what they do" or what "dopers" are thinking "ridiculed" his defense that his cooperation with law enforcement evidenced a lack of knowledge. We disagree. The prosecutor's rebuttal argument was a fair response to Davis's argument that he would not have consented to the search or facilitated access to the lockbox if he had known it contained drugs. Davis's argument invited the jury to consider why Davis did what he did. The State was entitled to respond to that argument and doing so was not improper and did not violate Davis's constitutional rights. Davis's disparagement claim fails to satisfy the first prong of the *Perry* analysis.

Finally, Davis contends that the prosecutor committed misconduct in rebuttal when responding to Davis's closing argument that the State failed to meet its burden of proving Davis was guilty of trafficking heroin. We need not address Davis's arguments related to the trafficking charge because Davis pled guilty to this offense following trial and has conceded that his appellate claims "would not justify vacating that conviction."

## IV.
## CONCLUSION

The prosecutor's statements during rebuttal closing argument did not constitute misconduct or rise to the level of fundamental error. Accordingly, Davis's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

5